# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CARLOS FOXX**                                                                         **PETITIONER**

**V.**                                                                                      **NO. 4:16-CV-162-DMB-RP**

**THE ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**                                                                         **RESPONDENT**

## ORDER TRANSFERRING CASE

Carlos Foxx has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. In his petition, Foxx challenges his twenty-year sentence for convictions of attempted armed robbery, armed robbery, and manslaughter, in the Circuit Court of Coahoma County, Mississippi. Specifically, Foxx raises the following grounds for relief: (1) self-incrimination – 5th Amendment; (2) due process – 5th Amendment, challenge to unnecessary procedures that occur at noncritical stages; (3) due process – 5th Amendment, involuntary confessions; and (4) 6th Amendment, presence of counsel. *Id*. at 8–13.

Foxx has filed at least one other § 2254 petition concerning the same convictions which he now seeks to challenge. *See Foxx v. State of Mississippi*, No. 4:14-CV-85 (N.D. Miss.) (Doc. #1). On March 24, 2015, such petition was dismissed with prejudice under the doctrines of procedural default and procedural bar. *Id*. (Doc. #19).

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As Foxx's prior federal habeas corpus petition was dismissed as procedurally defaulted, the present petition is successive:

> [T]he dismissal of a federal habeas petition on the ground of state procedural default is a determination on the merits for purposes of the successive petition doctrine. … [W]hile a court, in dismissing a petition because of state procedural default (and a failure to show cause and prejudice), is not determining the merits of the underlying claims, it is making a determination on the merits that the underlying claims will not be considered by a federal court for reasons of comity.

*Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (emphases, alterations, and quotation marks omitted). When a prisoner has not obtained the necessary order of authorization, rather than dismissing the petition on that basis, the district court may transfer the petition "for a determination [of] whether the successive petition should be allowed." *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

The record shows that Foxx has not obtained an order authorizing him to pursue his successive petition. Therefore, in the interest of justice and judicial economy, it is **ORDERED** that the Clerk of the Court transfer to the Fifth Circuit Court of Appeals this petition and the entire record of this case, in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c); and *In re Epps*, 127 F.3d at 365. Accordingly, this case is **CLOSED**.

**SO ORDERED**, this 20th day of January, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**